UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY LARENZO HOWARD,

Plaintiff,

v.   CAUSE NO. 3:21-CV-870-JD-MGG

ST JOSEPH COUNTY JAIL, et al.,

Defendants.

OPINION AND ORDER

Anthony Larenzo Howard, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Howard alleges he received a prescription for a refill of his chronic depression medication on Thursday, November 4, 2021. However, on Sunday, November 7, 2021, a nurse informed him there was no such medication available at the St. Joseph County Jail. The nurse also informed Howard he would not be receiving his medication for the inflammation in his knees either that day. Howard has sued the St. Joseph County Jail

and the "St. Joseph County Jail Medical Services Staff" for monetary damages for not receiving his prescribed medication on November 7, 2021.

A person alleging a violation of a federal right may bring a civil action under 42 U.S.C. § 1983 to remedy that violation. That said, § 1983 has limits on the types of violations it covers and on the people or entities that may be sued. Howard has not named any defendants who are amenable to suit regarding his allegations. To begin, Howard cannot sue the St. Joseph County Jail because it is a building. It is not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He has also sued the Jail Medical Services Staff, collectively, for the lack of medication, but he has not named any individual defendants. He cannot proceed against the facility staff as a whole because this is the equivalent of including an unnamed defendant. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Moreover, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, the complaint does not state a claim against the St. Joseph County Jail Medical Services Staff either.

Even if Howard had sued a defendant who was personally involved in his medical care, the complaint, as currently written, would still fail. To establish liability

2

for claims of inadequate medical care under the Eighth Amendment,[1] a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). In effect, the Eighth Amendment "protects prisoners from . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (citation omitted).

Here, Howard alleges he failed to receive his prescribed medication for his depression on Sunday, November 7, 2021, after a refill had been ordered. He also claims he did not receive medication for his knee inflammation on that same day. He does not allege he failed to receive either of those medications in the past, nor is it plausible to infer—based on the sparse facts presented in the complaint—that he will fail to receive them in the future.[2] *See e.g. Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811–12 (7th Cir.

---

[1] Howard indicates the events occurred "[a]fter I was convicted while confined serving the sentence." ECF 1 at 4.

[2] The incident allegedly occurred on November 7, 2021, at 8:30 AM, and the complaint was deposited into the prison mail system at 8:00 AM the next day. *See* ECF 1 at 4. Thus, less than twenty-four had passed before Howard filed this lawsuit. Although Howard states he filed a grievance on the matter and received no response, it is unlikely one could have been received and processed in that time span.

2000) (failure to dispense medication as prescribed on various isolated dates did not constitute deliberate indifference). Moreover, Howard does not describe his medical conditions other than to indicate he suffers from "chronic depression" and "inflammation," he does not indicate what specific medications he was supposed to receive but did not, nor does he provide details as to whether he received any other medications in their place. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Without more, the sparse factual allegations provided by Howard are insufficient to state any claim.

As noted above, this complaint does not state a claim for which relief can be granted. Nevertheless, Howard may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Anthony Larenzo Howard until **December 20, 2021**, to file an amended complaint; and

(2) CAUTIONS Anthony Larenzo Howard if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 15, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT